# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| BRIAN ISON and CHRIS HAMILTON, Individually and For Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARKWEST ENERGY PARTNERS, LP, <br><br> Defendant. | Case No. 3:21-cv-00333 <br><br> JURY TRIAL DEMANDED <br><br> CLASS ACTION <br><br> COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiffs Chris Hamilton (Hamilton) and Brian Ison (Ison) (collectively, "Plaintiffs") bring this lawsuit to recover unpaid overtime wages and other damages from MarkWest Energy Partners, LP (MarkWest) under the Fair Labor Standards Act (FLSA), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), and Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Wage Acts").

2. Plaintiffs worked for MarkWest as Inspectors.

3. Plaintiffs worked for MarkWest in excess of forty (40) hours most, if not all weeks.

4. But Plaintiffs did not receive overtime while working for MarkWest.

5. Instead of paying overtime as required by the FLSA and the Ohio Acts, Plaintiffs received a daily rate without overtime compensation while working for MarkWest.

6. The allegations made herein are applicable to Plaintiffs and the other MarkWest Inspectors who were paid a daily rate without overtime compensation.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to Plaintiffs and Inspectors similarly situated to Plaintiffs.

**JURISDICTION & VENUE**

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

10. Plaintiff Hamilton worked for MarkWest in West Virginia.

11. MarkWest has a local office in Kenova, West Virginia, in this District and Division.

**PARTIES**

12. Hamilton worked for MarkWest from approximately March 2019 until November 2019 as a Utility Inspector.

13. Hamilton worked for MarkWest in West Virginia and Ohio.

14. Hamilton's consent to be a party plaintiff is attached as Exhibit A.

15. Ison worked for MarkWest from approximately February 2017 until January 2021 as an Environmental Inspector.

16. Ison worked for MarkWest in Ohio.

17. Ison's consent to be a party plaintiff is attached as Exhibit B.

18. Throughout their employment, Plaintiffs were paid a flat daily rate for each day worked, regardless of the total hours worked in a day or a workweek.

19. Hamilton's day rate was $540 inclusive of per diem.

20. Ison's day rate was $348, not including per diem.

21. Plaintiffs bring this action on behalf of themselves and all other similarly situated Inspectors who were paid by MarkWest's day rate system.

22. Each of these Inspectors received a flat amount for each day worked and did not receive

overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA and the Ohio Wage Acts.

23. The collective of similarly situated Inspectors or putative class members sought to be certified is defined as follows:

> **All Inspectors employed by, or working on behalf of MarkWest, who received a day rate with no overtime at any time during the past 3 years (FLSA Class Members).**

24. The Putative Class Members are easily ascertainable from MarkWest's business and personnel records.

25. Plaintiffs also seek class certification under Fed. R. Civ. P. 23 of the following class under the Ohio Wage Acts.

> **All Inspectors employed by, or working on behalf of MarkWest in Ohio, who received a day rate with no overtime at any time during the past 3 years (Ohio Class Members).**

26. The FLSA and Ohio Class Members will be referred to collectively as the Putative Class Members.

27. Defendant MarkWest is a Delaware Limited Partnership that maintains its United States headquarters in Denver, Colorado. MarkWest conducts business throughout the United States, including West Virginia. MarkWest can be served through it notice of process agent, CT Corporation System, 1627 Quarrier St., Charleston, West Virginia 25311.

## COVERAGE UNDER THE FLSA

28. At all relevant times, MarkWest has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

29. At all relevant times, MarkWest has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

30. At all relevant times, MarkWest has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). MarkWest has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, computers, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

31. In each of the last 3 years, MarkWest has had annual gross volume of sales made or business done of at least $1,000,000.

32. At all relevant times, Plaintiffs and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

33. MarkWest's uniform day rate scheme, depriving its employees of overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

34. MarkWest is engaged in the gathering, processing, and transportation of natural gas.

35. MarkWest also transports, stores, and markets natural gas lines to move natural gas and crude oil.

36. To complete its business objectives, MarkWest hires Inspectors, such as Plaintiffs, to perform inspection services.

37. Many of these Inspectors worked for MarkWest on a day rate basis (without overtime pay).

38. These Inspectors make up the proposed Putative Class.

39. While exact Inspector job titles may differ, these Inspectors were all are subjected to the same or similar illegal pay practices for similar inspection work.

40. For example, Hamilton worked for MarkWest as a Utility Inspector from approximately March 2019 until November 2019 in West Virginia and Ohio.

41. Likewise, Ison worked for Mark West as an Environmental Inspector from approximately February 2017 until January 2021 in Ohio.

42. As Inspectors, Plaintiffs' primary job duties included inspecting and handling material supplies for pipeline equipment installs and maintenance.

43. Plaintiffs did not have any supervisory duties.

44. Plaintiffs did not hire or fire employees.

45. Plaintiffs did not exercise discretion and judgment as to matters of significance.

46. Plaintiffs performed manual labor.

47. Plaintiffs worked in the elements.

48. Plaintiffs do not work in an office.

49. Plaintiffs do not manage a business unit.

50. Plaintiffs were blue-collar workers.

51. Throughout their employment with MarkWest, they were paid on a day rate basis.

52. Plaintiffs and the Putative Class Members work for MarkWest under its day rate pay scheme.

53. Plaintiffs and the Putative Class Members do not receive a salary.

54. If Plaintiffs and the Putative Class Members did not work, they did not get paid.

55. Plaintiffs and the Putative Class Members receive a day rate.

56. Plaintiffs and the Putative Class Members do not receive overtime pay.

57. This is despite the fact that Plaintiffs and the Putative Class Members typically work at least 12 hours a day, for as many as 6 days a week, for weeks at a time.

58. Although Plaintiffs typically worked 6 days a week, for about 12 hours a day, they did not receive any overtime pay.

59. Plaintiffs and the Putative Class Members received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

60. Plaintiffs and the Putative Class Members must follow MarkWest and/or its clients' policies and procedures.

61. Plaintiffs and the Putative Class Members' work must adhere to the quality standards put in place by MarkWest and/or its clients.

62. At all relevant times, MarkWest and/or its clients maintained control, oversight, and direction of Plaintiffs and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

63. Plaintiffs' work schedule is typical of the Putative Class Members.

64. MarkWest controls Plaintiffs and the Putative Class Members' pay.

65. For example, MarkWest reduced Ison's day rate and per diem.

66. Likewise, MarkWest controls Plaintiffs and the Putative Class Members' work.

67. Plaintiffs and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

68. MarkWest knows Plaintiffs and the Putative Class Members work for 12 or more hours a day, for as many as 6 days a week.

69. MarkWest's records reflect the fact that Plaintiffs and the Putative Class Members regularly work far in excess of 40 hours in certain workweeks.

70. Plaintiffs and the Putative Class Members do not receive overtime for hours worked in excess of 40 in any of those weeks.

71. Instead, Plaintiffs and the Putative Class Members are paid on a day rate basis.

72. MarkWest set these workers' schedules and compensation; supervises them; requires them to adhere to strict guidelines, directive, and its policies and procedures.

73. While working for MarkWest, MarkWest controlled all the significant or meaningful aspects of the job duties Plaintiffs and the Putative Class Members perform.

74. MarkWest exercises control over the hours and locations Plaintiffs and the Putative Class Members work, the tools and equipment they use, and the rates of pay they receive.

75. Even though Plaintiffs and the Putative Class Members work away from MarkWest's offices without the constant presence of MarkWest supervisors, MarkWest still controls significant aspects of their job activities by enforcing mandatory compliance with its policies and procedures.

76. Very little skill, training, or initiative is required of Plaintiffs and the Putative Class Members to perform their job duties.

77. Indeed, the daily and weekly activities of Plaintiffs and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by MarkWest.

78. MarkWest prohibits Plaintiffs and the Putative Class Members from varying their job duties outside of the predetermined parameters and requires Plaintiffs and the Putative Class Members to follow MarkWest's policies, procedures, and directives.

79. Plaintiffs and the Putative Class Members perform routine job duties largely dictated by MarkWest.

80. All of the Putative Class Members perform similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

81. All of the Putative Class Members work similar hours and are denied overtime as a result of the same illegal pay practice.

82. All of the Putative Class Members work in excess of 40 hours each week.

83. MarkWest uniformly denies Plaintiffs and the Putative Class Members overtime for the hours they work in excess of 40 hours in a single workweek.

84. Plaintiffs and the Putative Class Members are not employed on a salary basis.

85. Plaintiffs and the Putative Class Members do not, and have never, received guaranteed weekly compensation irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

86. MarkWest's day rate policy violates the FLSA and the Ohio Wage Acts because it deprives Plaintiffs and the Putative Class Members of overtime for the hours they work in excess of 40 hours in a single workweek.

87. MarkWest knew Plaintiffs and the Putative Class Members worked more than 40 hours in a week.

88. MarkWest knew, or showed reckless disregard for whether, the Putative Class Members were not exempt from the FLSA's and Ohio Wage Acts' overtime provisions.

89. Nonetheless, Plaintiffs and the Putative Class Members were not paid overtime.

90. MarkWest knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA and Ohio Wage Acts.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

91. Plaintiffs bring this claim as a class and collective action under the FLSA and Ohio Wage Acts.

92. The Putative Class Members were victimized by MarkWest's pattern, practice, and/or policy which is in willful violation of the FLSA and the Ohio Wage Acts.

93. Other Putative Class Members worked with Plaintiffs and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

94. Based on their experiences with MarkWest, Plaintiffs are aware that MarkWest's illegal practices were imposed on the Putative Class Members.

95. The Putative Class Members are similarly situated in all relevant respects.

96. The Putative Class Members are blue-collar workers.

97. The Putative Class Members all performed inspection services for MarkWest.

98. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

99. The illegal day rate policy that MarkWest imposes on Plaintiffs is likewise imposed on all Putative Class Members.

100. Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Ohio Wage Acts.

101. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

102. The overtime owed to Plaintiffs and the Putative Class Members will be calculated using the same records and using the same formula.

103. Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

104. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

105. Plaintiffs have no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

106. Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

107. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

108. Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries and MarkWest will reap the unjust benefits of violating the FLSA.

109. Further, even if some of the Putative Class Members could afford individual litigation against MarkWest, it would be unduly burdensome to the judicial system.

110. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

111. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

112. Among the common questions of law and fact are:

    a. Whether Plaintiffs and the Putative Class Members' FLSA and Ohio Acts' rights were violated as a result of MarkWest's day rate pay policy;

    b. Whether MarkWest's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

    c. Whether Plaintiffs and the Putative Class Members were paid on a salary basis;

    d. Whether MarkWest's violation of the FLSA and Ohio Acts was willful; and

    e. Whether MarkWest's illegal pay practice applied to the Putative Class Members.

113. Plaintiffs and the Putative Class Members sustained damages arising out of MarkWest's illegal and uniform employment policy.

114. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

115. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to MarkWest's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

116. MarkWest is liable under the FLSA for failing to pay overtime to Plaintiffs and the Putative Class Members.

117. Consistent with MarkWest's illegal day rate policy, Plaintiffs and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

118. As part of their regular business practices, MarkWest intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Ohio Acts with respect to Plaintiffs and the Putative Class Members.

119. MarkWest's illegal day rate policy deprived Plaintiffs and the Putative Class Members of the premium overtime wages they are owed under federal and state law.

120. MarkWest is aware, or should have been aware, that the FLSA and Ohio Acts required it to pay Plaintiffs and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

121. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA and Ohio Acts who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

122. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

123. Those similarly situated employees are known to MarkWest, are readily identifiable, and can be located through MarkWest's records.

### VIOLATION OF THE FLSA

124. Plaintiffs reallege and incorporate by reference all allegations in preceding paragraphs.

125. Plaintiffs bring their FLSA claim as a collective action under 29 U.S.C. § 216(b).

126. MarkWest violated, and is violating, the FLSA by failing to pay Plaintiffs and the Putative Class Members overtime.

127. MarkWest cannot meet its burden to demonstrate Plaintiffs and the Putative Class Members are exempt from overtime under the administrative exemption.

128. MarkWest cannot meet its burden to demonstrate Plaintiffs and the Putative Class Members are exempt from overtime under the executive exemption.

129. MarkWest cannot meet its burden to demonstrate Plaintiffs and the Putative Class Members are exempt from overtime under the professional exemption.

130. MarkWest cannot meet its burden to demonstrate Plaintiffs and the Putative Class Members are exempt from overtime under the highly compensated exemption.

131. MarkWest failed to guarantee Plaintiffs and the Putative Class Members a salary.

132. MarkWest failed to pay Plaintiffs and the Putative Class Members overtime.

133. MarkWest paid Plaintiffs and the Putative Class Members a day rate.

134. MarkWest knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Putative Class Members overtime compensation.

135. MarkWest's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

136. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## OHIO WAGE ACT VIOLATIONS

137. Plaintiffs bring this claim under the Ohio Wage Act as a Rule 23 class action.

138. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

139. At all relevant times, MarkWest was and is subject to the requirements of the Ohio Wage Acts.

140. At all relevant times, MarkWest employed Plaintiffs and each Ohio Class Member as an "employee" within the meaning of the Ohio Wage Act.

141. The Ohio Wage Act requires employers like MarkWest to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiffs and each member of the Ohio Class are entitled to overtime pay under the Ohio Wage Acts.

142. MarkWest paid Plaintiffs and each member of the Ohio Class straight time for overtime and failed to pay these workers overtime for hours worked in excess of 40 hours per workweek.

143. Plaintiffs and the Ohio Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

144. Plaintiffs and the Ohio Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by MarkWest, as provided by the Ohio Wage Acts.

## JURY DEMAND

145. Plaintiffs demand a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

    b. A judgment against MarkWest awarding Plaintiffs and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

    d. For an Order designating the state law class as a class action pursuant to Fed. R. Civ. P. 23;

    e. For an Order appointing Plaintiffs and their Counsel as Class Counsel to represent the interests of both the federal and state law classes;

    f. An order awarding attorneys' fees, costs, and expenses;

    g. Pre- and post-judgment interest at the highest applicable rates; and

    h. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Anthony J. Majestro*
 **Anthony J. Majestro (WVSB 5165)**
 **James S. Nelson (WVSB 10776)**
 **POWELL & MAJESTRO PLLC**
 405 Capitol Street, Suite P-1200
 Charleston, WV 25301
 304-346-2889 – Telephone
 304-346-2895 – Facsimile

 **Michael A. Josephson**
 TX Bar No. 24014780
 **Andrew W. Dunlap***
 TX Bar No. 24078444
 **Taylor A. Jones***
 TX Bar No. 24107823
 **JOSEPHSON DUNLAP**
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 713-352-1100 – Telephone
 713-352-3300 – Facsimile
 mjosephson@mybackwages.com
 adunlap@mybackwages.com
 tjones@mybackwages.com
 *Admitted Pro Hac Vice*

 **AND**

 **Richard J. (Rex) Burch**
 TX Bar No. 24001807
 **BRUCKNER BURCH, PLLC**
 8 Greenway Plaza, Suite 1500
 Houston, Texas 77046
 713-877-8788 – Telephone
 713-877-8065 – Facsimile
 rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**